ELLEN F. ROSENBLUM
Attorney General
JACQUELINE KAMINS  #064972
Assistant Attorney General
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jacqueline.Kamins@doj.state.or.us

Attorneys for Defendant Kitzhaber

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GALICE MINING DISTRICT; IDA LEE REMAN, Recorder for the Galice Mining District; KERBY DALE JACKSON, CEO for Galice Mining District; DELANT CORY PALMERTON, Vice Executive Officer for Galice Mining District; and IRVIN LEE ADKINS, Private Attorney General, | Case No.  6:13-cv-00682-TC |
| | MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |
| Plaintiffs, | |
| v. | |
| JOHN KITZHABER, Governor; PETER COURTNEY, Senator; JACKIE DINGFELDER, Senator; and ALAN BATES, Senator, | |
| Defendants. | |

I.      INTRODUCTION

        This lawsuit asks this Court to stop state lawmakers from making law.  Plaintiffs assert

that several bills in the state legislature are unconstitutional.  Whether these bills will become

law – or what that law would look like – is unknown.  Because it is not clear that a law will be

Page 1 -    MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
        JK/js9/4265307-v1

passed at all, let alone one that would affect plaintiffs, the claim is not ripe. Moreover, the Tenth Amendment prevents federal courts from interrupting state legislative proceedings. This Court lacks subject matter jurisdiction to consider these claims, and the case should be dismissed.

## II.    BACKGROUND

Plaintiffs are mineral miners. (Complaint p. 6, ¶ C). They allege membership in the "Galice Mining District," which is also a named plaintiff. (*Id.* p. 4, ¶ 2). According to plaintiffs, they "and the locatable mineral miners which they were elected to represent" will face irreparable harm if several pieces of proposed regulatory legislation become law. (Complaint p. 6, C). Defendants are three state senators who have a significant role in the pending legislation. as well as Governor Kitzhaber. (*Id.* p. 4, ¶ A). The bills are currently in the Oregon Senate. (*Id.*).

## III.    ARGUMENT

### A.    Standards

A motion to dismiss based on ripeness is raised pursuant to Federal Rule of Civil Procedure 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss."). A motion to dismiss based on legislative immunity is properly raised in a Rule 12(b)(6) motion. *See Kaahumanu v. County of Maui*, 315 F.3d 1215 (9th Cir. 2003). Both types of motion, when based on the face of the pleadings, require the court to "accept as true the allegations of the complaint and must construe the complaint in favor of the complaining party." *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001) (citations omitted).

### B.    Plaintiffs' case is not ripe.

Plaintiffs ask this court to enjoin a state legislature from creating laws that could violate their federal rights if enforced against them. This request is not ripe. The doctrine of ripeness "prevents[] the courts, through avoidance of premature adjudication, from entangling themselves

Page 2 -    MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
        JK/js9/4265307-v1

in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967).  The

court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but

to adjudicate live cases or controversies consistent with the powers granted the judiciary in

Article III of the Constitution."  *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134 (9th

Cir. 2000).

In this case, plaintiffs challenge four bills that have allegedly been introduced in the

legislature.  (Complaint pp. 7-13, ¶¶ 1, 6, 14, 17).  These bills may remain in committee

indefinitely, may come up for a vote and be rejected, may pass one house and not the other, or

may pass through the legislature but be vetoed by the governor.  There are so many

contingencies between these bills and the rights of the plaintiffs that any court opinion on the

bills would be merely advisory.  Because this case rests entirely upon 'contingent future events

that may not occur as anticipated, or indeed may not occur at all," it is not ripe for review.  *Texas*

*v. United States*, 523 U.S. 296, 300 (1998).  Plaintiffs' case must be dismissed.

**C.    All defendants are immune.**

Plaintiffs have sued lawmakers for making law.  All allegations in the complaint relate to

the legislators' introduction or support of various bills in the legislature. Plaintiffs' effort is flatly

prohibited by the doctrine of legislative immunity.  Legislators are absolutely immune from civil

suit for actions taken in their official lawmaking capacity.  *Bogan v. Scott–Harris*, 523 U.S. 44,

48-49, (1998).  Government officials are entitled to legislative immunity for their legislative

actions, whether those officials are members of the legislative or the executive branch. *Id*. at 54-

55 (1998).  This immunity extends both to claims for damages and claims for injunctive relief.

*Supreme Ct. of Va. v. Consumers Union of the United States, Inc*., 446 U.S. 719, 732-33 (1980).

Plaintiffs' claims against defendants for exercising their legislative duties are barred.

**D.    The Tenth Amendment prevents federal intervention in the state legislature**

The Tenth Amendment provides that "[t]he powers not delegated to the United States by

the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the people." U.S. Const. amend. X.   In essence, the Tenth Amendment limits federal power, preventing the federal government from "commandeering" a state's legislative or executive departments .  *New York v. United States*, 505 U.S. at 161 (holding Congress may not commandeer the state legislative process by requiring a state legislature to enact a particular kind of law).  Plaintiffs ask this Court to intervene in an area reserved to the states – legislating state law.  Because the Tenth Amendment does not allow this form of federal intervention, this case must be dismissed.

**IV.    CONCLUSION**

      For the foregoing reasons, this Court lacks subject matter jurisdiction over plaintiffs' case, and all defendants are immune from suit.  The complaint must be dismissed.

      DATED May   28  , 2013.

                Respectfully submitted,

                ELLEN F. ROSENBLUM
                Attorney General


                  s/ Jacqueline Kamins
                JACQUELINE KAMINS #064972
                Assistant Attorney General
                Trial Attorney
                Tel (971) 673-1880
                Fax (971) 673-5000
                Jacqueline.Kamins@doj.state.or.us
                Of Attorneys for Defendants

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on May  28  , 2013, I served the foregoing MEMORANDUM IN

SUPPORT OF DEFENDANTS' MOTION TO DISMISS upon the parties hereto by the method

indicated below, and addressed to the following:

| | |
|---|---|
| Galice Mining District<br>[1525] Plat I<br>Sutherlin OR [97479]<br>(971) 221-9066<br>*Pro Se* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>___ E-FILE |
| Ida Lee Reman<br>:ida-lee: [reman]<br>[1525] Plat I<br>Sutherlin OR [97479]<br>(971) 221-9066<br>*Pro Se* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>___ E-FILE |
| Kerby Dale Jackson<br>:kerby-dale: [jackson]<br>[1525] Plat I<br>Sutherlin OR [97479]<br>(971) 221-9066<br>*Pro Se* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>___ E-FILE |
| Delant Cory Palmerton<br>:delant-cory: [Palmerton]<br>[1525] Plat I<br>Sutherlin OR [97479]<br>(971) 221-9066<br>*Pro Se* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>___ E-FILE |

Department of Justice<br>1515 SW Fifth Ave, Suite 410<br>Portland, OR 97201<br>(971) 673-1880 / Fax: (971) 673-5000

Irvin Lee Adkins
:Irvin-lee: [adkins]
[1525] Plat I
Sutherlin OR [97479]
(971) 221-9066
            *Pro Se*

___ HAND DELIVERY
_X_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
___ E-FILE


_____ s/ Jacqueline Kamins _____
JACQUELINE KAMINS #064972
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jacqueline.Kamins@doj.state.or.us
Of Attorneys for Defendant Governor Kitzhaber


Page 2 -   CERTIFICATE OF SERVICE
JK/js9/4167705-v1