IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GALICE MINING DISTRICT, et al., )
)
        Plaintiffs, )  No. 6:13-cv-682-TC
)
    v. )  ORDER
)
STATE OF OREGON, )
)
        Defendants. )
)
)

AIKEN, Chief Judge:

    Plaintiffs bring this proceeding asserting pending legislative action by the State of Oregon regarding prohibition of "placer mining using any form of motorized equipment or motorized dredge," violates their Fifth Amendment rights to their mining rights. Plaintiffs further allege that the State of Oregon's proposed legislation is inconsistent with federal law. Plaintiffs seek a

1 - ORDER

preliminary injunction to prevent defendants from passing any legislation impacting mining in any way. Defendants respond to the motion for a preliminary injunction with a motion to dismiss.

In seeking a preliminary injunction, plaintiffs must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor. The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. <u>Gilder v. PGA Tour, Inc.</u>, 936 F.2d 417, 422 (9th Cir. 1991). For purposes of injunctive relief, serious questions refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo. <u>Id</u>. Serious questions are substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation. Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits. <u>Id</u>.

Even if the balance of hardships tips sharply in plaintiffs' favor, however, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. <u>Stanley v.</u>

2 - ORDER

University of Southern California, 13 F.3d at 1313, 1319. (1994). Moreover, the public interest must be considered where, as here, the relief sought by the applicants might affect the public. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (where an injunction is requested which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff).

Plaintiffs do not have a fair chance of success on the merits because their claims are not ripe. Plaintiffs specifically attack SB 115, SB 401, and SB 838. The court notes that the 2013 Oregon legislature session has adjourned and that SB 115 and SB 401 have not received votes in either the Oregon Senate or Oregon House. Although SB 838 has passed in both the House and the Senate, it has yet to be signed into law as July 15, 2013. Moreover, SB 838 underwent revisions since the complaint and application for injunctive relieve in this case was filed, including amendments as late as July 1, 2013. Accordingly, plaintiffs assert violations based on events that may or may not happen and upon acts for which the court would have to speculate as to impact on any alleged federally protected rights.

A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-581 (1985) (quoting 13A Charles A.

3 - ORDER

Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3532, p. 112 (1984)). While it may be that SB 838 will be made into law and while such legislation may have an impact on plaintiffs' alleged mining rights, the court cannot step in prior to any application of such law. Until there is an application of the law to plaintiffs' operations, the court could only render an advisory opinion based on an abstract disagreement. Accordingly, there is no live case or controversy. See, e.g., Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, 1139-41 (9th Cir. 2000) (pre-enforcement challenge to statute and ordinance not ripe for review).

Moreover, defendants in their capacities as lawmakers are immune from suit. Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity." Tenney v. Brandhove, 342 U.S. 367, 376 (1951). Accordingly, injunctive relief is not appropriate and this suit must be dismissed.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for a preliminary injunction (#3) is denied, defendants' motion to dismiss (#19) is granted and all other pending motions are denied as moot. This case is dismissed.

DATED this 18th day of July, 2013.

Ann Aiken
United States District Judge

4 - ORDER