## district court of the United States
### district for Eugene

| | | |
|---|---|---|
| Galice Mining District | ) | FILED 31 JUL '13 15:03 USDC-ORE |
| | ) | Civil Action No. **[6:13-CV-00682-TC]** |
| [1525] Plat I, Sutherlin, oregon [97479] | ) | Date: July 31, 2013 |
| | ) | |
| :ida - lee: [reman] | ) | |
| Recorder for the Galice Mining District | ) | |
| Ph # 971- 221- 9066 | ) | |
| | ) | |
| :delant – cory: [palmerton] | ) | **NOTICE OF ERROR/OBJECTION TO** |
| Vice Executive Officer | ) | **DISMISSAL/ORDER BY ANN AIKEN** *et. al.* |
| for the Galice Mining District | ) | **REQUEST FOR RECONSIDERATION** |
| | ) | |
| :irvin - lee: [adkins] | ) | |
| Private Attorney General | ) | |
| Petitioners /Administrators/ Plaintiffs | ) | |
| Vs | ) | |
| | ) | Administrative Law Judge |
| | ) | |
| STATE OF OREGON | ) | Judge Ann Aiken |

Governor John Kitzhaber *et. al.*
    160 State Capitol
    Salem, Oregon 97301-4047

Senator Peter Courtney *et. al.*
    900 Court St. NE S-201
    Salem, Oregon 97301

Senator Jackie Dingfelder *et. al.*
    900 Court St. NE S-407
    Salem, Oregon 97301

Senator Alan Bates *et. al.*
    900 Court St. NE S-407
    Salem, Oregon 97301
                Defendants/Respondents

**Notice of Error/Objection to Dismissal of Case/Order by Ann Aiken *et. al.* Request For Reconsideration**

Petitioners hereby object to Ann Aiken's "Order" and Paul Burch's "Judgment" as unlawful for the reasons listed in this document. Petitioners also put the UNITED STATES DISTRICT COURT on notice of the various crimes and falsifications ongoing or permitted and perpetrated against Petitioners by Ann Aiken *et. al.* Petitioners also hereby put the Court on notice of their failure to render the remedy in law required under the circumstances. Petitioners are hereby putting Ann Aiken *et. al.* on notice that she and her fellow conspirators will be held liable for damages caused Petitioners for her failure to do her duty by law. Ann Aiken *et. al.* will also be held liable inasmuch as she was notified of ongoing crimes in the Oregon Legislature and she has chosen to aid and abet said crimes by dismissing the case and covering the crimes with "legislative immunity".

I.  **Introduction**

   A.  This legal action asks the court to enjoin the State of Oregon *et. al.* and put a stop to criminal activity and the usurpation of federally held powers as well as the abrogation of constitutionally guarded rights and congressionally granted rights.

II. **Objections to Errors and Failures**

   A.  Petitioners object to the repeated falsifications of their case, case number, case heading and parties' status even after the court was put on notice of said errors and falsifications. Seemingly the court is refusing to correct the errors and insists on the falsifications.

   B.  Petitioners object to the court's refusing to address them as requested. Inasmuch as they are not corporations, Petitioners have appeared as natural human beings. The Court has insisted on falsely labeling them as corporations. *"If it is not a Corporation, it cannot as such, appear and plead." See West Union Tel. Co. v. Evser 2 Colo. 141 See Greenwood v. Railroad Co. 123 Mass. 32; Foster v. White Cloud 32 Mo. 505; Hobich v. Folger 20 Wall. 1; Boyce v. M. E. Church 43 Md. 359; Folsom v. Star Union etc. Freight Line 54, Iowa 490.*

C. Petitioners object to the court's having mailed Petitioners unsealed envelopes on July 22, 2013.

D. Petitioners object to the court's having mailed them the order FIVE DAYS *after* the order was signed on July 18, 2013 limiting the time Petitioners would have to respond!

E. Failure to address Complaint.

   1. Petitioners OBJECT to Ms. Aiken's failure to address their Complaint.

   2. It is interesting to note that Ms. Aiken fails to mention ANY of the Mining laws or Federal laws brought forth by Petitioners in her address in Document 37 page ID#:273 etc.

   3. Of note is the fact that neither Defendants nor Kamins nor Ms. Aiken have responded at all to the original Complaint and Application for Injunctive Relief or the challenges listed therein.

   4. The Motion to Dismiss filed by Kamins and awarded by Ms. Aiken is hardly an answer to the Complaint filed by Petitioners. Said Motion to Dismiss fails to address the questions and challenges in law brought forth by Petitioners.

   5. Ms. Aiken seems preoccupied in analyzing the legal ramifications of "likelihoods" and other such ambiguous terms, oblivious of the fact that the Petitioners' request was very simple and straight forward: "Stop these guys (Defendants) from taking our grant until the legal ramifications of said grant and the impact the pending legislation will have on the grant have been thoroughly resolved and decided on in court. Do NOT let us sustain the harm of their abuse!!!" How simple is that!

F. Failure to Address the Mining Grant of 1872.

   1. Petitioners OBJECT to Ms. Aiken's failure to regard or address the Mining Grant of 1872.

   2. Ms. Aiken does not address the matter of the federal mining grant, or the fact that Defendants' activities will most certainly impact and abrogate the rights guarded and pertinent to the grant.

   3. Ms. Aiken states: "Until there is an application of the law to plaintiffs' operations, the court could only

render an advisory opinion based on an abstract disagreement."

4. The laws Petitioners have laid out in their Complaint can hardly be termed "abstract disagreements".

5. In the above quote of Ms. Aiken's, it is clear that she will deny Petitioners the relief of an injunction and will **intentionally** allow them to sustain the harm the pending legislation will cause them. Ms. Aiken is hereby making herself liable for said harm inasmuch as it was in her lawful power to prevent the harm and she failed of her duty and obligation under her oath of office and as a public fiduciary trustee.

**G.** Ripeness

1. Petitioners OBJECT to Ms. Aiken's argument of 'ripeness' in that it has no legal standing in this case.

2. Ms. Aiken seems stuck on arguing "ripeness" as though the injunctive action were a claim. She deliberately muddles the legal waters of the case by comingling the concepts of (1) claims after sustaining of harm and (2) injunctive action for the prevention of future harm.

6. **Petitioners DID NOT file a claim for DAMAGES!!!!!!**

7. **Petitioners DID file for Injunctive Relief to prevent FUTURE HARM!!!!!**

8. DO WE NEED TO BOLD THIS FOR YOU TO READ IT?????

9. As CLEARLY indicated by the legal definitions filed into court by Petitioners on July 1, 2013 in their **MEMORANDUM IN SUPPORT OF MOTION AND NOTICE OF MOTION TO SHOW CAUSE pgs. 3 and 4,** harm need **NOT** be a prerequisite to an injunctive action!

10. Would Ms. Aiken like to rewrite the legal dictionaries and alter the definitions therein to validate her own and Kamins' arguments?

11. Ms. Aiken's and Kamins' argument of there not being "ripeness" for a claim falls flat on its face and is MOOT. There is no claim. Only a standing request for injunctive relief and protection from "future injury".

**H.** Legislative Immunity

1.  Petitioners OBJECT to Ms. Aiken's argument of "legislative immunity" in that it does not cover for actions done outside of "legitimate legislative activity" such as those committed and about to be committed by Defendants.

2.  Ms. Aiken states "Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity.""

3.  It has been clearly proven that the Defendants are NOT acting within their "legitimate legislative activity"!

4.  If Defendants were legitimate why are they refusing transparency?

5.  If Defendants were legitimate, why are they in violations of FOIA and refusing to release public records?! *U.S. v. Throckmorton, 98 US 61. A public official is a fiduciary toward the public,... and if he deliberately conceals material information from them, he is guilty of fraud.*

6.  When a superior public official is notified of ongoing fraud and does nothing to correct the matter it falls under Misprision of Felony *Title 18> PART I > CHAPTER 1 >§ 4. MISPRISION OF FELONY Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.*

7.  If Defendants were legitimate, why are they refusing to respond to their constituents requests whom they have an obligation to serve?

8.  Defendants intend to criminalize the exercise of a federal right and THAT is acting within the "sphere of legitimate legislative activity"????? Petitioners decry such actions as criminal in themselves and any who aid and abet them are guilty of the same by association.

9.  Defendants have an obligation to render honest service. *18 USCS § 1346*

*establishes uniform standard for "honest services" that governs every public official and government does not need to prove independent violation of state law to sustain honest services fraud conviction. United States v Weyhrauch (2008, CA9 Alaska) 548 F3d 1237.*

10. Defendants are engaging in numerous violations of state and federal law, violations of state and federal grants and constitutional violations... to name a few. Criminal activity voids immunity...unless we are dealing with a lawless mafia who are above the law. Is that it?

11. Considering the sizable increase in revenue the contested legislative bills would allow for, Petitioners argue that there is a major CONFLICT OF INTEREST: Revenue vs. Public Interest. "*Where two defendants were charged with engaging in scheme with other defendants, one of which was former Governor, to deprive state of its officials' honest services under 18 USCS §§ 2, 1341, 1346, but two defendants had not been charged with Racketeering Influenced & Corrupt Organizations Act (RICO) conspiracy counts or RICO substantive counts, joinder under Fed. R. Crim. P. 8(b) was proper as Governor was alleged hub of overall conspiracy. United States v Scrushy (2006, MD Ala) 237 FRD 464.*"

12. "*In order to convict defendant based upon scheme to defraud another of intangible right of honest services, as contemplated by 18 USCS § 1346, it is unnecessary to prove that defendant intended economic or pecuniary harm or that any such harm actually resulted from fraud; all that is required is proof (1) that defendant engaged in scheme to defraud, (2) with intent to deprive another of intangible right of honest services, (3) that it was reasonably foreseeable to defendant that scheme could result in some economic or pecuniary harm to victim that is more than de minimis, and (4) that mails or wires were used in furtherance of scheme.*" *United States v Rybicki (2002, CA2 NY) 287 F3d 257.*

13. It is fair to note that criminal activity voids JUDICIAL IMMUNITY as well.

**I.** Liability and Failure to Satisfy Appearance of Justice

1. In dismissing this case Ms. Aiken makes herself liable for the injury she might have prevented had she ruled according to law and not according to who her bar-mates are. Ms. Aiken's dismissal of this case would be construed as a violation of the *Taft – Hartley Act* and the *Smith Act* reflecting a closed union shop.

2. *"Our Supreme Court has ruled and has reaffirmed the principal that 'justice must satisfy the appearance of justice' Levine v. United States, 362 U.S.610, 80 S Ct. 1038 (1960).* Ms. Aiken does not even remotely satisfy justice, let alone the appearance thereof.

3. Defendants, Kamins and Ms. Aiken knew or should have known that the pending legislative bills, SB 838 etc. and their even more abusive amendments, would directly and negatively impact the peace and dignity of the people of the Galice Mining District and the public interests of the natural people of the oregon state.

4. Ms. Aiken knew or should have known that awarding the injunction until such time that the laws brought forth and the legality of Defendants' actions could be verified in court would NOT damage the public interest rather it would protect the right of everyone – not just miners - to exercise their rights under the Federal Grant.

5. Ms. Aiken has harmed the public interest by failing to protect the federal rights of all people – that would be the public interest - in dismissing a critical case and refusing to address the issues brought forth.

6. Ms. Aiken will be held accountable for failure to discharge her obligations as a public fiduciary trustee entrusted with the execution of justice and the protection of the public's rights to life, liberty and the pursuit of happiness.

**J.** Practicing Law From the Bench

1. Petitioners OBJECT to Ms. Aiken practicing law from the bench and defending the Defendants, while making light of Petitioners' plight.

2. Ms. Aiken proceeds to act as the Defendants' defense counsel and uses the

same arguments Ms. Kamins used. That indicates bias and prejudice in favor of Defendants.

3.   Ms. Aiken proceeds to act as the Defendants' defense counsel and uses the same arguments Ms. Kamins used, in spite of the fact that Petitioners have rebutted and shown the unlawfulness of Kamins' arguments in law. By extension, Ms. Aiken's arguments are unfounded in anything but misplaced/bad case law.

## III.   Conclusion

Ms. Aiken has the opportunity to review her decision and consider carefully the law offered in the Complaint and other filings entered on the Record for the Record by the Petitioners. Should she fail of it and the Defendants proceed with their actions against Petitioners and harm and irreparable harm come of it, Ms. Aiken *et. al.* may find herself held liable for said damages and losses in that she was called upon to intervene and stop the harm before it happened and did not do so nor had she stopped to consider the laws brought forth and rule in a just, unbiased manner. Furthermore she was put on notice of ongoing crime and chose to cover it with "legislative immunity" making herself an accessory to Defendants actions.

Petitioners hereby request the court to reconsider the dismissal of the case.

Any communications by mail must be mailed to: Galice Mining District, [1525] Plat I, Sutherlin, oregon. [97479]. Any alterations or absence of bracketing or alteration in the lack of capitalization and the punctuation of the addressees will cause said mail to be returned and will be regarded as failure to communicate.

All rights reserved; none waived.

:delant - cory: [palmerton]

Vice Executive Officer- Galice Mining District

Private Attorney General

:ida - lee: [reman]

Recorder - Galice Mining District

e-mail: talktoida@gmail.com

:irvin - lee: [adkins]

Private Attorney General

PROOF OF SERVICE

Now comes the Plaintiffs, :ida - lee: [reman],:delant – cory: [palmerton], :irvin - lee: [adkins], to place upon the clerk of courts  for the

**"district court of the United States"** district for Eugene this

**Notice of Error /Objection to Dismissal of Case/ Order by Ann Aiken *et. al.***

**Request For Reconsideration**

filing to be placed in a court of record on this 31[th] day, month of July in the year of our Lord 2013 AD. A complete Original will be mailed to the Defendants listed below by means of the accompanying Certified Mail Numbers.

_:ida - lee:_

:ida - lee: [reman]

Recorder - Galice Mining District

Governor John Kitzhaber  *et. al.*
160 State Capitol
Salem, Oregon 97301-4047
CMN: 7012 2210 0002 4135 7720

Senator  Peter Courtney et. *al.*
900 Court St. NE S-201
Salem, Oregon 97301
CMN: 7012 2210 0002 4135 7713

Senator Jackie Dingfelder *et. al.*
900 Court St. NE S-407
Salem, Oregon 97301
CMN: 7012 2210 0002 4135 7706

Senator Alan Bates *et. al.*
900 Court St. NE S-407
Salem, Oregon 97301
CMN: 7012 2210 0002 4135 7737

Attorney General Ellen F. Rosenblum *et. al.*
1162 Court St. NE
Salem, Oregon 97301-4096
CMN: 7012 2210 0002 4135 7744